**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4678**

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

    v.

DYMIR RHODES,

       Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, District Judge. (1:16-cr-00235-CCB-8)

Submitted: March 29, 2018                        Decided: April 2, 2018

Before AGEE and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed in part, affirmed in part by unpublished per curiam opinion.

Charles N. Curlett, Jr., LEVIN & CURLETT LLC, Baltimore, Maryland, for Appellant. Daniel Charles Gardner, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dymir Rhodes pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute heroin, cocaine, and fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, 860 (2012). The district court sentenced Rhodes in accordance with his stipulated plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether the district court complied with Rule 11 during Rhodes' plea hearing and whether the court considered the appropriate sentencing factors before sentencing Rhodes. Rhodes was informed of his right to file a pro se supplemental brief, but he has not done so. The Government elected not to file a brief.

Rule 11 requires that the trial court, through colloquy with the defendant, ensure that the defendant understands the nature of the offense to which he is pleading guilty, any mandatory minimum penalty, the maximum possible penalty, and the various rights being relinquished, before accepting a guilty plea. Fed. R. Crim. P. 11(b). Rule 11 further requires that the trial court determine that the plea is voluntary and that there is a factual basis for the plea. *Id.* "[W]hen, as here, a defendant fails to move in the district court to withdraw his or her guilty plea, any error in the Rule 11 hearing is reviewed only for plain error." *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). Having reviewed the record, we conclude that the district court fully complied with Rule 11 before accepting Rhodes' guilty plea. We therefore affirm Rhodes' conviction.

When the parties have stipulated to a particular sentence under Rule 11(c)(1)(C) and the district court imposes that sentence, the defendant may appeal only if the court imposed that sentence "in violation of law" or "as a result of an incorrect application of the sentencing guidelines." *Id.* at 623-25. Because the sentence imposed by the district court neither violated the law nor resulted from an incorrect application of the Guidelines, Rhodes' Rule 11(c)(1)(C) stipulation precludes this court from considering his claims regarding his sentence. We therefore dismiss Rhodes' appeal of his sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore dismiss Rhodes' challenge to his sentence and affirm the remainder of the district court's judgment. This court requires that counsel inform Rhodes, in writing, of the right to petition the Supreme Court of the United States for further review. If Rhodes requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Rhodes.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*